**Opinion issued October 25, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00714-CR

————————————

**MELVIN LEE HIGHTOWER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15-CR-0040**

---

## MEMORANDUM OPINION

After appellant, Melvin Lee Hightower, was indicted for the first-degree felony offense of aggravated robbery with a deadly weapon, he pleaded guilty to the reduced second-degree felony offense of robbery and true to the enhancement paragraph, with the agreed recommendation that he be placed on five years' deferred

adjudication community supervision.[1] In accordance with the terms of his plea-bargain agreement, the trial court found sufficient evidence to find appellant guilty, but deferred adjudicating his guilt and placed him on community supervision for a five-year period.[2] The State subsequently moved to adjudicate appellant's guilt, alleging that he had violated several conditions of his community supervision, and he pleaded true to two allegations, but not true to the remaining allegations.[3] At the adjudication hearing, the trial court found most of the alleged violations true, revoked appellant's community supervision, adjudicated his guilt for the first-degree felony offense of robbery, as enhanced, and assessed his punishment at fifteen years' confinement. This sentence is within the applicable range.[4] The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386

---

[1] *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), (b), 29.03(a)(2), (b) (West 2011).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West 2006).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 5(b), 21(e) (West 2006).

[4] *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.42(b) (West 2011).

U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a pro se response after getting access to the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that the Clerk of this Court has sent the form motion for pro se access to the records to appellant. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed a pro se response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether the appeal is wholly

frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Thomas A. Martin must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).